ROBERT R. CARROLL, ADMINISTRATOR OF THE ESTATE OF JIMMIE ALSON CARROLL v. SEABOARD AIR LINE RAILROAD COMPANY.

(Filed 14 December, 1960.)

**Railroads § 4—**

> The evidence in this case is held to show, as the only reasonable conclusion, that the negligence of the driver of the vehicle in which plaintiff's intestate was riding was the sole proximate cause of the collision with defendant's train at a grade crossing, and therefore the railroad company's motion to nonsuit was properly allowed.

APPEAL by plaintiff from *Craven, Special Judge,* May-June Special Term, 1960, of BRUNSWICK.

Action to recover damages for the death of plaintiff's intestate, allegedly caused by the negligence of defendant.

Plaintiff's intestate, a five-year old boy, was killed October 19, 1958, about 11:45 a.m., in an automobile-train collision at a grade crossing in Brunswick County where a north-south paved (State) highway crosses the east-west railroad track of defendant.

Plaintiff's intestate was a back seat passenger in the automobile, a 1956 (two-door) Ford Fairlane. His thirteen-year old sister, also

a passenger, was on the front seat. The Ford was being operated by the sixteen-year old brother of plaintiff's intestate. All occupants of the automobile were killed.

Approaching the crossing, the Ford traveled south and the train traveled east. The left front of the locomotive struck the right side of the Ford. When this occurred, the front wheel(s) of the Ford had crossed the north rail of the railroad track.

At the conclusion of plaintiff's evidence, the court entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*Herring, Walton & Parker and Rountree & Clark for plaintiff, appellant.*

*S. Bunn Frink and Varser, McIntyre, Henry & Hedgpeth for defendant, appellee.*

PER CURIAM. The evidence discloses: (1) The Ford approached the crossing in its right highway lane at a speed of approximately forty miles per hour. Straight skid marks in this lane extended twelve feet to the crossing and there made a sharp left turn and went off the left side of the highway along the side of the railroad track. (2) A standard highway sign, located approximately six hundred feet north of the crossing, warned southbound motorists they were approaching a railroad crossing. (3) A railroad cross-arm sign, located at the crossing, was in the view of a southbound motorist as he reached and passed the highway sign. (4) A (southbound) motorist's view of the railroad track west of the crossing was obstructed by trees, weeds, a residence, shrubs, a lath house used as a nursery, etc., until he reached a point approximately fifty feet north of the crossing. Thereafter, there was no obstruction sufficient to prevent him from seeing an approaching eastbound train. (5) Defendant's eastbound train approached the crossing, with the whistle blowing and the bell ringing, at a speed of about fifty miles per hour.

Notwithstanding negligence on the part of the operator of the Ford, defendant is liable if negligence on its part was a concurring proximate cause. With this in mind, we have examined the evidence closely. Even so, consideration thereof in the light most favorable to plaintiff fails to disclose evidence sufficient to support a finding that the collision was approximately caused by negligence of defendant in any of the respects alleged.

Assignments of error directed to rulings on evidence do not disclose prejudicial error. Nor do we perceive either error or prejudice to plain-

tiff in the court's refusal to grant leave to plaintiff to amend his complaint in the manner requested.

Since the only reasonable conclusion that may be drawn from the evidence is that the negligence of the driver of the Ford was the sole proximate cause of the tragic accident, the judgment of involuntary nonsuit is affirmed.

Affirmed.